19-464
*King v. MetroPlus Health Plan, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-one.

PRESENT:
        DEBRA A. LIVINGSTON,
            *Chief Judge*,
        RICHARD J. SULLIVAN,
        MICHAEL H. PARK,
            *Circuit Judges*.

_____

Clinton King,

        *Plaintiff-Appellant*,

     v.                            No. 19-464

MetroPlus Health Plan, Inc.,

        *Defendant*.*

_____

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**    IAN WEINSTEIN (Michael W. Martin, *on the brief*), Lincoln Square Legal Services, Inc., New York, N.Y.

**FOR DEFENDANT-APPELLEE:**    JAMISON DAVIES (Richard P. Dearing, Claude S. Platton, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, N.Y., *as amicus curiae, for unserved Defendant* MetroPlus Health Plan, Inc.‡

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Clinton King, who commenced this action himself but is now represented by counsel, appeals from an order of the district court dismissing his pro se complaint sua sponte pursuant to the *in forma pauperis* statute. *See* 28

---

‡ A motions panel of this Court invited the City of New York to file a brief on behalf of unserved defendant MetroPlus Health Plan, Inc., a wholly owned subsidiary of New York City Health + Hospitals Corporation. The New York Corporation Counsel did file such a brief and subsequently appeared at oral argument on behalf of MetroPlus.

U.S.C. § 1915(e)(2)(B)(ii). King's complaint alleges that Defendant MetroPlus Health Plan, Inc. ("MetroPlus"), which administers King's Medicaid plan, temporarily changed King's designated primary care provider in its system without his consent, in violation of both the Medicaid statute,[1] *see* 42 U.S.C. § 1396a(a)(23), and the Due Process Clause of the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The statutory mechanism through which King pleads both of his claims is 42 U.S.C. § 1983. To maintain a section 1983 action against MetroPlus, which is a wholly owned subsidiary of the New York City Health + Hospitals Corporation and therefore a municipal entity, King must plead that "'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 125 (2d Cir. 2004)

---

[1] There is some ambiguity as to whether King actually alleges a violation of 42 U.S.C. § 1396a(a)(23) in his complaint. But because he has failed to state a claim on which relief can be granted anyway, we construe the complaint generously and assume arguendo that he attempted to raise such a claim.

3

(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Proof of a single incident of [unlawful] activity is not sufficient to impose liability under *Monell* [and section 1983], unless proof of the incident includes proof that it was caused by an existing, [unlawful] municipal policy, which . . . can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *see also City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (explaining that the fact that mistakes occasionally happen "says little about the" municipality's underlying policy).

King's barebones complaint, even if construed liberally as is appropriate for the complaint of a pro se litigant, contains no allegation of a policy or practice that was responsible for the change in his designated healthcare provider, nor does it allege a pattern of any other such incidents from which we might infer the existence of an unlawful policy or practice. To the contrary, King alleges little more than an isolated, and temporary, mistake on the part of MetroPlus that was quickly rectified. Without more, such pleadings are insufficient to support a claim under section 1983. *See, e.g.*, *Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016) (citing *Tuttle*, 471 U.S. at 823–24).

4

Because King has failed to satisfy the pleading standards of a section 1983 *Monell* claim, we **AFFIRM** the judgment of the district court without reaching the issue of whether the Medicaid Act confers a private right to choose any qualified Medicaid provider that may be enforced through section 1983.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court